STATE OF WEST VIRGINIA

*In re* **T.L.-1, M.L., A.L.-1, and A.L.-2**

**No. 18-0115** (Mercer County 15-JA-164, 165, 166, and 167)

**FILED**

**June 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.L.-2, by counsel John E. Williams Jr., appeals the Circuit Court of Mercer County's November 13, 2017, order terminating his custodial rights to T.L.-1, M.L., A.L.-1, and A.L.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Paige Flanigan, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court abused its discretion in denying his motion to extend his post-dispositional improvement period and in terminating his custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed a petition alleging that A.L.-2 was left in the care of an intravenous drug user. A.L.-2 was found in a hotel room with several items of drug paraphernalia, including syringes and pills. The DHHR also alleged that petitioner and the mother could not provide stable housing for the children and that petitioner inconsistently transported the children to school, which resulted in multiple unexcused absences. Petitioner waived his preliminary hearing.

Petitioner stipulated to adjudication and was adjudicated as an abusing parent in November of 2015. Petitioner was granted a post-adjudicatory improvement period. By the end

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children share the same initials and because petitioner and a child share initials, we refer to the two children as A.L.-1 and A.L.-2 and to petitioner and his child as T.L.-2 and T.L.-1 throughout this memorandum decision.

of his improvement period, the DHHR noted that petitioner failed to appear for his psychological evaluation Nevertheless, petitioner's post-adjudicatory improvement period was extended in May of 2016.

Three months after the extension, the circuit court again ordered that petitioner's post-adjudicatory improvement period continue. However, the circuit court noted that if no improvement was exhibited during this period, the case would be set for disposition. In September of 2016, the circuit court continued petitioner's improvement period once more. The mother's case was set for a dispositional hearing as the DHHR alleged that she was noncompliant with services. The parties returned in November of 2016 and petitioner's improvement period was reviewed and continued. Further hearings were held in January and June of 2017 and petitioner's improvement period was continued each time.

In September of 2017, the circuit court held a dispositional hearing and the DHHR moved to terminate petitioner's parental rights. A DHHR case worker testified that petitioner was required to complete random drug screens, complete a psychological examination, complete a substance abuse program if necessary, maintain adequate housing, and demonstrate an ability to provide for the children. The case worker testified that petitioner failed to provide adequate housing. At the time, petitioner's home did not have basic utilities and needed repairs to ensure the children's safety, so the children were not returned to petitioner's custody while he lived in that home. Additionally, petitioner continued to live with the mother, who had not substantially complied with the terms of her improvement period and continued to abuse controlled substances. Petitioner testified that he would not leave the mother even though she consistently abused substances throughout the case. Petitioner moved for an additional extension of his improvement period. Finally, the guardian relayed that the three older children were indifferent to adoption and wanted a continued relationship with petitioner, but did not want to return to live with him.

Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected and that it was necessary for the welfare of the children to terminate petitioner's custodial rights. Petitioner's custodial rights were terminated by the circuit court's November 13, 2017, order.[2] Petitioner now appeals that order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[2]The mother's custodial rights were also terminated by the circuit court's November 13, 2017, order. According to the parties, the permanency plan for the children is continuation in their paternal aunt and uncle's home with continued visitation by petitioner and the mother.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, petitioner argues that the circuit court abused its discretion in denying his motion to extend his post-dispositional improvement period. Petitioner asserts that he substantially complied with the terms of the improvement period with the exceptions of providing suitable housing and maintaining contact with the mother. Petitioner believes that, if he were granted an extension, he could restore the utilities and rectify the safety conditions in the home. Upon our review of the record, we find petitioner is entitled to no relief.

West Virginia Code §49-4-610(6) provides that

[a] court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the [children]; and that the extension is otherwise consistent with the best interest of the child.

Although petitioner argues that he could be successful if given an extension, he demonstrated an inability to provide suitable housing over an extended improvement period. Petitioner did not substantially comply with the terms of his improvement period, which resulted in his inability to show that he could secure suitable housing or otherwise provide for the children. Further, West Virginia Code § 49-4-610(9) provides that "no combination of any improvement periods or extensions thereto may cause a child to be in foster care more than fifteen months of the most recent twenty-two months, unless the court finds compelling circumstances by clear and convincing evidence that it is in the [children's] best interests[.]" In petitioner's case, the children were in foster care for nearly two years; on appeal, petitioner acknowledges that his extension exceeds these time limits. Also, the circuit court did not find compelling circumstances to continue his improvement period. Accordingly, we find petitioner is entitled to no relief.

Second, we find that the circuit court did not abuse its discretion in terminating petitioner's custodial rights upon a finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), the circuit court may terminate a respondent's custodial rights upon these findings. Further, West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect and abuse can be substantially corrected when "the abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts. . . ."

Petitioner was granted ample time to provide suitable housing, but did not do so. Although petitioner was compliant with some of the terms of his improvement periods, he did not rectify the conditions of neglect and abuse. "In making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). The record is clear that petitioner's home was not a safe place for the children to reside. Additionally, the circuit court's decision to terminate only petitioner's custodial rights was congruent with the older children's wishes. Accordingly, we find that the circuit court did not abuse its discretion in terminating petitioner's custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 13, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 11, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

Justice Loughry, Allen H., II suspended and therefore not participating.